## Clara Stiefel, Individually and as Administratrix, Appellee, v. Amalgamated Sheet Metal Workers' Local Union No. 73 et al., Appellants.

### Gen. No. 21,872. (Not to be reported in full.)

. Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Appeal dismissed. Opinion filed February 16, 1916. Rehearing denied March 1, 1916.

### Statement of the Case.

Bill for specific performance of insurance contract filed by Clara Stiefel, appellee and complainant below, as administratrix of the estate of Abraham Stiefel, deceased, against the Amalgamated Sheet Metal Workers' Local Union No. 73, International Alliance, a corporation, and Thomas Redding, Edgar Ray, B. A. Schooley and Paul Christman. From a decree for complainant, defendants appeal.

After a hearing upon the bill and answers, the chancellor found the issues for complainant and entered a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

decree which incorporated the defendants' joint prayer for appeal, and wherein the appeal was allowed upon the filing by defendants of a bond for $1,600. The record showed that only three out of the five defendants had signed the bond, although the decree required the bond to be filed by all the defendants, and was entered upon their joint prayer.

Motion was made by complainant to dismiss the appeal for failure on the part of defendants to comply with the prayer for appeal and order thereon.

CRUICE & LANGILLE, for appellants; DANIEL L. CRUICE, of counsel.

BULKLEY, MORE & TALLMADGE, for appellee.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 16*—*when right of appeal exists*. The right of appeal is purely a statutory one and can be availed of only when allowed by court, and must then be in conformity with the prayer for the appeal and the order of allowance.

2. APPEAL AND ERROR, § 646*—*when appeal not in compliance with prayer or order*. Where the record shows that an appeal was granted upon prayer of all the defendants and the order of appeal required bond to be filed by all the defendants, and it was nevertheless perfected by only three of such defendants, such appeal is not in compliance with the prayer or order, and motion to dismiss must be allowed.

3. APPEAL AND ERROR, § 646*—*when joint defendants must perfect appeal jointly*. Where there were no separate prayers for appeals by individual defendants, and where all of the joint defendants joined in the prayer for an appeal, they must perfect same jointly, regardless of the fact that no substantial rights of several of the defendants were affected by the decree appealed from.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.